UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMIE BUZBEE,

      Plaintiff,

v.                             Case No. 8:07-cv-839-T-24 EAJ

STREICHER MOBILE FUELING, INC.,
and ALBERT HUGHES,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion for Judgment on the Pleadings on Count II of Plaintiff's Complaint and to Strike Claims for Punitive Damages. (Doc. No. 14). Plaintiff opposes the motion. (Doc. No. 20).

**I.  Background**

Plaintiff alleges the following in his complaint (Doc. No. 2): Plaintiff (an Alabama resident) was injured when a tractor trailer driven by Defendant Albert Hughes (a Florida resident) in the scope of his employment with Defendant Streicher Mobile Fueling, Inc. ("Streicher") (a Florida corporation) collided with the tractor trailer that Plaintiff was operating. The collision occurred in Louisiana. Plaintiff asserts two claims: (1) Count I is a claim against Hughes and Streicher for compensatory and punitive damages resulting from the collision due to Hughes' negligence and Streicher's vicarious liability for its employee's actions; and (2) Count II is a negligent entrustment claim against Streicher, in which Plaintiff seeks compensatory and punitive damages.

**II.  Motion for Judgment on the Pleadings as to Count II and to Strike Punitive Damages Claims**

Defendants seek judgment on the pleadings as to the negligent entrustment claim asserted against Streicher and also argue that the requests for punitive damages should be stricken. Specifically, Defendants argue that the negligent entrustment claim is duplicative of Count I and cannot be asserted based on Clooney v. Geeting, 352 So. 2d 1216 (Fla. 2d DCA 1978).

In Clooney, the plaintiff was injured in a collision with a truck driven by one defendant, and that defendant was driving in the course of his employment for another defendant.  See id. at 1218.  The plaintiff sued the driver and the employer, along with other defendants.  See id.  The trial court struck the plaintiff's request for punitive damages and claims of negligent hiring, employment, and entrustment that were asserted against the employer, and the plaintiff appealed. See id. at 1219-20.  In finding that the trial court did not err in striking the plaintiff's claims of negligent hiring, employment, and entrustment, the appellate court stated:

> Where these theories impose no additional liability in a motor vehicle accident case, a trial court should not allow them to be presented to the jury.  The reason for this is a very practical one: Under these theories the past driving record of the driver will of necessity be before the jury, so the culpability of the entrusting party can be determined. . . . [However,] evidence of a defendant's past driving record should not be made a part of the jury's considerations.
>
> \*     \*     \*
>
> Since the stricken counts impose no additional liability but merely allege a concurrent theory of recovery, the desirability of allowing these theories is outweighed by the prejudice to the defendants. . . . We recognize that factual situations could arise where one of the referred-to theories would impose additional liability.  If the allegations in this case had been sufficient to allow the claim for punitive damages to go before the jury, this would be such a case.

Id. at 1220 (internal citation and quotation marks omitted).

Plaintiff responds that he "concedes that his claims for Negligent Entrustment and Punitive Damages are due to be dismissed should discovery reveal no evidence of willful and

2

wanton disregard for the rights of others as required by <u>Clooney</u>." (Doc. No. 20). However, he argues that the current motion is premature, since there has not been any discovery conducted on these issues.

Upon consideration, the Court agrees that Defendants' motion should not be granted at this time. As such, the Court will deny the motion without prejudice.

The Court notes that Defendants have identified that there is a choice of law issue in this case. If the parties file further substantive motions in this case, the parties are directed to either (1) stipulate to which state's law applies to each claim and inform the Court of the same, or (2) thoroughly brief the choice of law issue.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion for Judgment on the Pleadings on Count II of Plaintiff's Complaint and to Strike Claims for Punitive Damages (Doc. No. 14) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of September, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record